IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,          )
                                   )
                    Plaintiff,     )          CRIMINAL NO.   04-888 LH
                                   )
                                   )
          vs.                      )
                                   )
DAVID PETTIGREW,                   )
                                   )
                    Defendant.     )


<u>GOVERNMENT'S REQUESTED JURY INSTRUCTIONS</u>

The United States respectfully requests the court to include the following

instructions in its charge to the jury, and requests permission to submit such additional

instructions as may become appropriate during trial.

Respectfully submitted,

DAVID C. IGLESIAS
United States Attorney

***Electronically Filed***
SAMUEL L. WINDER
Assistant United.States Attorney
P.O. Box 607
Albuquerque, New Mexico  87103

I HEREBY certify that a true and correct
copy of the foregoing pleading was mailed
to:

Michael Keefe, Assistant Federal Public Defender

this 27th day of September, 2004.

_____/s/_____
Samuel L. Winder
Assistant United States Attorney

GOVERNMENT'S REQUESTED INSTRUCTION NO. 1

THE DEFENDANTS ARE ON TRIAL BEFORE YOU UPON A SUPERCEDING  INDICTMENT

BROUGHT BY THE GRAND JURY CHARGING AS FOLLOWS:

## COUNT 1

ON OR ABOUT THE 18TH DAY OF APRIL, 2004, WITHIN THE EXTERIOR BOUNDARIES OF THE NAVAJO INDIAN RESERVATION, IN INDIAN COUNTRY, IN THE STATE AND DISTRICT OF NEW MEXICO, THE DEFENDANT, **DAVID PETTIGREW**, AN INDIAN, DID UNLAWFULLY KILL CARRIE BEASLEY WHILE IN THE COMMISSION OF AN UNLAWFUL ACT NOT AMOUNTING TO A FELONY, THAT IS WHILE OPERATING A MOTOR VEHICLE UNDER THE INFLUENCE OF ALCOHOL, CONTRARY TO SECTION 66-8-102 OF THE NEW MEXICO STATUTES ANNOTATED, AND THE DEFENDANT OPERATED THE MOTOR VEHICLE WITHOUT DUE CAUTION AND CIRCUMSPECTION, IN A GROSSLY NEGLIGENT MANNER, AND WITH KNOWLEDGE OF CIRCUMSTANCES THAT MADE IT REASONABLY FORESEEABLE THAT HE MIGHT IMPERIL THE LIVES OF OTHERS.

IN VIOLATION OF 18 U.S.C. § 1153 AND 18 U.S.C. § 1112.

## COUNT 2

ON OR ABOUT THE 18TH DAY OF APRIL, 2004, WITHIN THE EXTERIOR BOUNDARIES OF THE NAVAJO INDIAN RESERVATION, IN INDIAN COUNTRY, IN THE STATE AND DISTRICT OF NEW MEXICO, THE DEFENDANT, **DAVID PETTIGREW**, AN INDIAN, DID ASSAULT JANE DOE A, SUCH ASSAULT

RESULTING IN SERIOUS BODILY INJURY.

IN VIOLATION OF 18 U.S.C. § 1153 AND 18 U.S.C. § 113(A)(6).

## COUNT 3

ON OR ABOUT THE 18TH DAY OF APRIL, 2004, WITHIN THE EXTERIOR BOUNDARIES OF THE NAVAJO INDIAN RESERVATION, IN INDIAN COUNTRY, IN THE STATE AND DISTRICT OF NEW MEXICO, THE DEFENDANT, **DAVID PETTIGREW**, AN INDIAN, DID ASSAULT JASON R. BEASLEY,  SUCH ASSAULT RESULTING IN SERIOUS BODILY INJURY.

IN VIOLATION OF 18 U.S.C. § 1153 AND 18 U.S.C. § 113(A)(6).

## COUNT 4

ON OR ABOUT THE 18TH DAY OF APRIL, 2004, WITHIN THE EXTERIOR BOUNDARIES OF THE NAVAJO INDIAN RESERVATION, IN INDIAN COUNTRY, IN THE STATE AND DISTRICT OF NEW MEXICO, THE DEFENDANT, **DAVID PETTIGREW**, AN INDIAN, DID ASSAULT JANE DOE B, BY WOUNDING JANE DOE B.

IN VIOLATION OF 18 U.S.C. § 1153 AND 18 U.S.C. § 113(A)(4).

## SENTENCING ALLEGATIONS

1.  THE OFFENSE CHARGED IN COUNT 1 OF THE SUPERSEDING INDICTMENT INVOLVED CONDUCT THAT WAS RECKLESS WITHIN THE MEANING OF USSG 2A1.4(A)(2).

2.  THE OFFENSE CHARGED IN COUNT 2 OF THE SUPERSEDING INDICTMENT INVOLVED A VICTIM THAT SUSTAINED BODILY INJURY CLASSIFIED AS BODILY INJURY WITHIN THE MEANING OF USSG 2A2.2(B)(3)(A).

3.  THE OFFENSES CHARGED IN COUNT 2 AND COUNT 3 OF THE SUPERSEDING INDICTMENT INVOLVED A DANGEROUS WEAPON WITHIN THE MEANING OF USSG 2A2.2(B)(2)(B).

4.  THE OFFENSE CHARGED IN COUNT 3 OF THE SUPERSEDING INDICTMENT INVOLVED A VICTIM THAT SUSTAINED BODILY INJURY CLASSIFIED AS PERMANENT OR LIFE-THREATENING WITHIN THE MEANING OF USSG 2A2.2(B)(3)(C).

GOVERNMENT'S REQUESTED INSTRUCTION NO. 2


THE INDICTMENT OR FORMAL CHARGE AGAINST A DEFENDANT IS NOT EVIDENCE OF GUILT. INDEED, THE DEFENDANT IS PRESUMED BY THE LAW TO BE INNOCENT. THE LAW DOES NOT REQUIRE A DEFENDANT TO PROVE HIS INNOCENCE OR PRODUCE ANY EVIDENCE AT ALL [AND NO INFERENCE WHATEVER MAY BE DRAWN FROM THE ELECTION OF A DEFENDANT NOT TO TESTIFY]. THE GOVERNMENT HAS THE BURDEN OF PROVING THE DEFENDANT GUILTY BEYOND A REASONABLE DOUBT, AND IF IT FAILS TO DO SO, YOU MUST ACQUIT THE DEFENDANT.

WHILE THE GOVERNMENT'S BURDEN OF PROOF IS A STRICT OR HEAVY BURDEN, IT IS NOT NECESSARY THAT THE DEFENDANT'S GUILT BE PROVED BEYOND ALL POSSIBLE DOUBT.  IT IS ONLY REQUIRED THAT THE GOVERNMENT'S PROOF EXCLUDE ANY "REASONABLE DOUBT" CONCERNING THE DEFENDANT'S GUILT.

A "REASONABLE DOUBT" IS A DOUBT BASED UPON REASON AND COMMON SENSE AFTER  CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE IN THE CASE. PROOF BEYOND A REASONABLE DOUBT, THEREFORE, IS PROOF OF SUCH A CONVINCING CHARACTER THAT YOU WOULD BE WILLING TO RELY AND ACT UPON IT WITHOUT HESITATION IN THE MOST IMPORTANT OF YOUR OWN AFFAIRS.


5TH CIR. PATTERN JURY INSTRUCTION, 1.05, P. 13

GOVERNMENT'S REQUESTED INSTRUCTION NO. 3

THE TESTIMONY OF A WITNESS MAY BE DISCREDITED BY SHOWING THAT THE WITNESS TESTIFIED FALSELY CONCERNING A MATERIAL MATTER, OR BY EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO SAY OR DO SOMETHING, WHICH IS INCONSISTENT WITH THE TESTIMONY THE WITNESS GAVE AT THIS TRIAL.

EARLIER STATEMENTS OF A WITNESS WERE NOT ADMITTED IN EVIDENCE TO PROVE THAT   THE CONTENTS OF THOSE STATEMENTS ARE TRUE.  YOU MAY CONSIDER THE EARLIER STATEMENTS ONLY TO DETERMINE WHETHER YOU THINK THEY ARE CONSISTENT OR INCONSISTENT WITH THE TRIAL TESTIMONY OF THE WITNESS AND THEREFORE WHETHER  THEY AFFECT THE CREDIBILITY OF THAT WITNESS.

IF YOU BELIEVE THAT A WITNESS HAS BEEN DISCREDITED IN THIS MANNER, IT IS  YOUR EXCLUSIVE RIGHT TO GIVE THE TESTIMONY OF THAT WITNESS WHATEVER WEIGHT  YOU THINK IT DESERVES.

5TH CIR. PATTERN JURY INSTRUCTION, 1.10, P. 21

GOVERNMENT'S REQUESTED INSTRUCTION NO. 4


DURING THE TRIAL YOU HEARD THE TESTIMONY OF DR. DAVID MCCRAY AND DR. DIANA KOELLIKER, WHO HAVE EXPRESSED OPINIONS CONCERNING JASON BEASLEY'S MEDICAL CONDITION ON OR ABOUT APRIL 18, 2004. IF SCIENTIFIC, TECHNICAL OR OTHER SPECIALIZED KNOWLEDGE MIGHT ASSIST THE JURY IN UNDERSTANDING THE EVIDENCE OR IN DETERMINING A FACT IN ISSUE, A WITNESS QUALIFIED BY KNOWLEDGE, SKILL EXPERIENCE, TRAINING, OR EDUCATION MAY TESTIFY AND STATE AN OPINION CONCERNING SUCH MATTERS.

MERELY BECAUSE SUCH A WITNESS HAS EXPRESSED AN OPINION DOES NOT MEAN, HOWEVER, THAT YOU MUST ACCEPT THIS OPINION. YOU SHOULD JUDGE SUCH TESTIMONY LIKE ANY OTHER TESTIMONY. YOU MAY ACCEPT IT OR REJECT IT, AND GIVE IT AS MUCH WEIGHT AS YOU THINK IT DESERVES, CONSIDERING THE WITNESS' EDUCATION AND EXPERIENCE, THE SOUNDNESS OF THE REASONS GIVE FOR THE OPINION, AND ALL OTHER EVIDENCE IN THE CASE.


5TH CIR. PATTERN JURY INSTRUCTIONS, 1.17, P. 28.

GOVERNMENT'S REQUESTED INSTRUCTION NO. 5

DURING THE TRIAL YOU HEARD THE TESTIMONY OF DR. DAVID
MCCRAY AND DR. PAUL KOELLIKER, WHO HAVE EXPRESSED OPINIONS
CONCERNING JANE DOE'S A MEDICAL CONDITION ON OR ABOUT APRIL 18,
2004. IF SCIENTIFIC, TECHNICAL OR OTHER SPECIALIZED KNOWLEDGE MIGHT
ASSIST THE JURY IN UNDERSTANDING THE EVIDENCE OR IN DETERMINING A
FACT IN ISSUE, A WITNESS QUALIFIED BY KNOWLEDGE, SKILL EXPERIENCE,
TRAINING, OR EDUCATION MAY TESTIFY AND STATE AN OPINION
CONCERNING SUCH MATTERS.

MERELY BECAUSE SUCH A WITNESS HAS EXPRESSED AN
OPINION DOES NOT MEAN, HOWEVER, THAT YOU MUST ACCEPT THIS
OPINION. YOU SHOULD JUDGE SUCH TESTIMONY LIKE ANY OTHER
TESTIMONY. YOU MAY ACCEPT IT OR REJECT IT, AND GIVE IT AS MUCH
WEIGHT AS YOU THINK IT DESERVES, CONSIDERING THE WITNESS'
EDUCATION AND EXPERIENCE, THE SOUNDNESS OF THE REASONS GIVE FOR
THE OPINION, AND ALL OTHER EVIDENCE IN THE CASE.

5TH CIR. PATTERN JURY INSTRUCTIONS, 1.17, P. 28.

GOVERNMENT'S REQUESTED INSTRUCTION NO. 6

DURING THE TRIAL YOU HEARD THE TESTIMONY OF DR. PAUL KOELLIKER, WHO HAS EXPRESSED AN OPINION CONCERNING JANE DOE'S B MEDICAL CONDITION ON OR ABOUT APRIL 18, 2004.  IF SCIENTIFIC, TECHNICAL OR OTHER SPECIALIZED KNOWLEDGE MIGHT ASSIST THE JURY IN UNDERSTANDING THE EVIDENCE OR IN DETERMINING A FACT IN ISSUE, A WITNESS QUALIFIED BY KNOWLEDGE, SKILL EXPERIENCE, TRAINING, OR EDUCATION MAY TESTIFY AND STATE AN OPINION CONCERNING SUCH MATTERS.

MERELY BECAUSE SUCH A WITNESS HAS EXPRESSED AN OPINION DOES NOT MEAN, HOWEVER, THAT YOU MUST ACCEPT THIS OPINION.  YOU SHOULD JUDGE SUCH TESTIMONY LIKE ANY OTHER TESTIMONY.  YOU MAY ACCEPT IT OR REJECT IT, AND GIVE IT AS MUCH WEIGHT AS YOU THINK IT DESERVES, CONSIDERING THE WITNESS' EDUCATION AND EXPERIENCE, THE SOUNDNESS OF THE REASONS GIVE FOR THE OPINION, AND ALL OTHER EVIDENCE IN THE CASE.

5TH CIR. PATTERN JURY INSTRUCTIONS, 1.17, P. 28.

GOVERNMENT'S REQUESTED INSTRUCTION NO. 7


DURING THE TRIAL YOU HEARD THE TESTIMONY OF DR. JEFFREY NINE, WHO HAS EXPRESSED AN OPINION CONCERNING THE DEATH OF CARRIE BEASLEY.  IF SCIENTIFIC, TECHNICAL OR OTHER SPECIALIZED KNOWLEDGE MIGHT ASSIST THE JURY IN UNDERSTANDING THE EVIDENCE OR IN DETERMINING A FACT IN ISSUE, A WITNESS QUALIFIED BY KNOWLEDGE, SKILL EXPERIENCE, TRAINING, OR EDUCATION MAY TESTIFY AND STATE AN OPINION CONCERNING SUCH MATTERS.

MERELY BECAUSE SUCH A WITNESS HAS EXPRESSED AN OPINION DOES NOT MEAN, HOWEVER, THAT YOU MUST ACCEPT THIS OPINION.  YOU SHOULD JUDGE SUCH TESTIMONY LIKE ANY OTHER TESTIMONY.  YOU MAY ACCEPT IT OR REJECT IT, AND GIVE IT AS MUCH WEIGHT AS YOU THINK IT DESERVES, CONSIDERING THE WITNESS' EDUCATION AND EXPERIENCE, THE SOUNDNESS OF THE REASONS GIVE FOR THE OPINION, AND ALL OTHER EVIDENCE IN THE CASE.


5TH CIR. PATTERN JURY INSTRUCTIONS, 1.17, P. 28.

GOVERNMENT'S REQUESTED INSTRUCTION NO. 8


IF THE DEFENDANT IS FOUND GUILTY, IT WILL BE MY DUTY TO

DECIDE WHAT THE PUNISHMENT WILL BE.  YOU SHOULD NOT BE CONCERNED

WITH PUNISHMENT IN ANY WAY.   IT SHOULD NOT ENTER YOUR

CONSIDERATION OR DISCUSSION.



5TH CIR. PATTERN JURY INSTRUCTIONS, 1.20, P. 31.

GOVERNMENT'S REQUESTED INSTRUCTION NO. 9


A SEPARATE CRIME IS CHARGED IN EACH COUNT OF THE SUPERCEDING INDICTMENT.  EACH COUNT, AND THE EVIDENCE PERTAINING TO IT, SHOULD BE CONSIDERED SEPARATELY.  THE FACT THAT YOU MAY FIND THE DEFENDANT GUILTY OR NOT GUILTY AS TO ONE OF THE CRIMES CHARGED SHOULD NOT CONTROL YOUR VERDICT AS TO ANY OTHER CRIME.


5TH CIR. PATTERN JURY INSTRUCTIONS, 1.21, P. 33.

TO REACH A VERDICT, WHETHER IT IS GUILTY OR NOT GUILTY, ALL OF YOU MUST AGREE.  YOUR VERDICT MUST BE UNANIMOUS ON EACH COUNT OF THE INDICTMENT.  YOUR DELIBERATIONS WILL BE SECRET.  YOU WILL NEVER HAVE TO EXPLAIN YOUR VERDICT TO ANYONE.

IT IS YOUR DUTY TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE IN AN EFFORT TO REACH AGREEMENT IF YOU CAN DO SO.  EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE WITH YOUR FELLOW JURORS. DURING YOUR DELIBERATIONS, DO NOT HESITATE TO REEXAMINE YOUR OWN OPINIONS AND CHANGE YOUR MIND IF CONVINCED THAT YOU WERE WRONG. BUT DO NOT GIVE UP YOUR HONEST BELIEFS AS TO THE WEIGHT OR EFFECT OF THE EVIDENCE SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES, YOU ARE JUDGES  --  JUDGES OF THE FACTS.  YOUR SOLE DUTY IS TO DECIDE WHETHER THE GOVERNMENT HAS PROVED THE DEFENDANT GUILTY BEYOND A REASONABLE DOUBT.

WHEN YOU GO TO THE JURY ROOM, THE FIRST THING THAT YOU SHOULD DO IS SELECT ONE OF YOUR NUMBER AS YOUR FOREPERSON, WHO WILL HELP TO GUIDE YOUR DELIBERATIONS AND WILL SPEAK FOR YOU HERE IN THE COURTROOM.

A FORM OF VERDICT HAS BEEN PREPARED FOR YOUR

CONVENIENCE.

[EXPLAIN VERDICT FORM.]

THE FOREPERSON WILL WRITE THE UNANIMOUS ANSWER OF THE JURY IN THE SPACE PROVIDED FOR EACH COUNT OF THE INDICTMENT, EITHER GUILTY OR NOT GUILTY.  AT THE CONCLUSION OF YOUR DELIBERATIONS, THE FOREPERSON SHOULD DATE AND SIGN THE VERDICT.

IF YOU NEED TO COMMUNICATE WITH ME DURING YOUR DELIBERATIONS, THE FOREPERSON SHOULD WRITE A MESSAGE AND GIVE IT TO THE MARSHAL.  I WILL EITHER REPLY IN WRITING OR BRING YOU BACK INTO THE COURT TO ANSWER YOUR MESSAGE.

BEAR IN MIND THAT YOU ARE NEVER TO REVEAL TO ANY PERSON, NOT EVEN TO THE COURT, HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON ANY COUNT OF THE INDICTMENT, UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT.

5TH CIR. PATTERN JURY INSTRUCTION, 1.24, P. 35.

GOVERNMENT'S REQUESTED INSTRUCTION NO. 11

THE OFFENSE OF INVOLUNTARY MANSLAUGHTER AS CHARGED IN COUNT 1 OF THE SUPERSEDING INDICTMENT HAS THE FOLLOWING ELEMENTS WHICH YOU ARE REQUIRED TO FIND BEYOND A REASONABLE DOUBT:

**FIRST**: THAT THE DEFENDANT, DAVID PETTIGREW, KILLED CARRIE BEASLEY WITHOUT MALICE AFORETHOUGHT;

**SECOND**: DURING THE COMMISSION OF AN UNLAWFUL ACT NOT AMOUNTING TO A FELONY, OR IN THE COMMISSION IN AN UNLAWFUL MANNER, OR WITHOUT DUE CAUTION AND CIRCUMSPECTION, OF A LAWFUL ACT WHICH MIGHT PRODUCE DEATH;

**THIRD**:  THE DEFENDANT IS AN INDIAN; AND

**FOURTH***:  THAT THE ASSAULT TOOK PLACE WITHIN THE EXTERIOR BOUNDAIRES OF THE NAVAJO RESERVATION IN INDIAN COUNTRY.

TO ACT WITHOUT DUE CAUTION AND CIRCUMSPECTION MEANS TO ACT IN A RECKLESS AND WANTON MANNER.


UNITED STATES V. WOOD, 207 F.3D 1222 (10TH CIR. 2000), AND UNITED STATES V. YAZZIE, 188 F.3D 1178 (10TH CIR. 1999).

GOVERNMENT'S REQUESTED INSTRUCTION NO. 12

THE OFFENSE OF ASSAULT RESULTING IN SERIOUS BODILY INJURY AS CHARGED IN COUNT 2 OF THE SUPERCEDING INDICTMENT HAS THE FOLLOWING ELEMENTS WHICH YOU ARE REQUIRED TO FIND BEYOND A REASONABLE DOUBT:

**FIRST**: THE DEFENDANT ASSAULTED MARLE BEASLEY REFERRED TO AS JANE DOE A IN THE SUPERCEDING INDICTMENT;

**SECOND**: AS A RESULT OF THIS ASSAULT, JANE DOE A  SUFFERED SERIOUS BODILY INJURY;

**THIRD**:  THE DEFENDANT IS AN INDIAN;

**FIFTH***:* THAT THE ASSAULT TOOK PLACE WITHIN THE EXTERIOR BOUNDARIES OF THE NAVAJO INDIAN RESERVATION IN INDIAN COUNTRY;

18 U.S.C. § 113(A)(6).

THE OFFENSE OF ASSAULT RESULTING IN SERIOUS BODILY INJURY AS CHARGED IN COUNT 3 OF THE SUPERCEDING INDICTMENT HAS THE FOLLOWING ELEMENTS WHICH YOU ARE REQUIRED TO FIND BEYOND A REASONABLE DOUBT:

**FIRST**: THE DEFENDANT ASSAULTED JASON R. BEASLEY;

**SECOND**: AS A RESULT OF THIS ASSAULT, JASON R. BEASLEY SUFFERED SERIOUS BODILY INJURY;

**THIRD**:  THE DEFENDANT IS AN INDIAN;

**FIFTH***:  THAT THE ASSAULT TOOK PLACE WITHIN THE EXTERIOR BOUNDARIES OF THE NAVAJO INDIAN RESERVATION IN INDIAN COUNTRY;

18 U.S.C. § 113(A)(6).

GOVERNMENT'S REQUESTED INSTRUCTION NO. 14


SECTION 113 (B)(2) AND SECTION 1365 OF TITLE 18 DEFINES THE

TERM "SERIOUS BODILY INJURY" AS FOLLOWS:

"(3) THE TERM 'SERIOUS BODILY INJURY' MEANS BODILY INJURY

WHICH INVOLVES–

        A.   A SUBSTANTIAL RISK OF DEATH;

        B.   EXTREME PHYSICAL PAIN;

        C.   PROTRACTED AND OBVIOUS DISFIGUREMENT; OR

        D.   PROTRACTED LOSS OR IMPAIRMENT OF THE

FUNCTION OF A BODILY      MEMBER, ORGAN OR MENTAL

FACULTY ...."

GOVERNMENT'S REQUESTED INSTRUCTION NO. 15


IN ADDITION TO THE OTHER ELEMENTS OF ASSAULT RESULTING IN SERIOUS BODILY INJURY, THE GOVERNMENT MUST PROVE TO YOUR SATISFACTION BEYOND A REASONABLE DOUBT THAT THE DEFENDANT ACTED INTENTIONALLY WHEN COMMITTING THE CRIME(S).  A PERSON ACTS INTENTIONALLY WHEN PURPOSELY DOING AN ACT WHICH THE LAW DECLARES TO BE A CRIME, EVEN THOUGH THAT PERSON MAY NOT KNOW THAT THE ACT IS UNLAWFUL.  WHETHER THE DEFENDANT ACTED INTENTIONALLY MAY BE INFERRED FROM ALL OF THE SURROUNDING CIRCUMSTANCES, SUCH AS THE MANNER IN WHICH THE DEFENDANT ACTS, THE MEANS USED, THE CONDUCT, AND ANY STATEMENTS MADE BY THE DEFENDANT.  VOLUNTARY INTOXICATION AND THE WILLFUL OPERATION OF A MOTOR VEHICLE, WHILE IN A STATE OF VOLUNTARY INTOXICATION, MAY SATISFY THE REQUISITE ELEMENT OF GENERAL CRIMINAL INTENT FOR ANY CONSEQUENTIAL ACCIDENT OR INJURIES THAT FOLLOW THEREFROM.

UNITED STATES V. LOERA, 923 F.2D 725 (9TH CIR. 1991).

UNITED STATES V. ASHLEY, 255 F.3D 907 (8TH CIR. 2001).

SECTION 113(A)(4) OF TITLE OF 18, UNITED STATES CODE, MAKES IT A CRIME FOR ANYONE, IN THE TERRITORIAL JURISDICTION OF THE UNITED STATES, TO ASSAULT BY STRIKING, BEATING OR WOUNDING.

THE OFFENSE OF ASSAULT BY STRIKING, BEATING OR WOUNDING AS CHARGED IN COUNT 4 OF THE SUPERCEDING INDICTMENT HAS THE FOLLOWING ELEMENTS WHICH YOU ARE REQUIRED TO FIND BEYOND A REASONABLE DOUBT:

**FIRST**: THE DEFENDANT WOUNDED HALLEY BEASLEY, REFERRED TO AS JANE DOE B IN THE SUPERCEDING INDICTMENT.

**SECOND:** THE DEFENDANT IS AN INDIAN.

**THIRD**: THE OFFENSE OCCURRED WITHIN THE EXTERIOR BOUNDARIES OF THE NAVAJO INDIAN RESERVATION IN INDIAN COUNTRY.

18 U.S.C. § 113(A)(4).

GOVERNMENT'S REQUESTED INSTRUCTION NO. 17

7.14  FLIGHT, CONCEALMENT OF EVIDENCE, FALSE EXCULPATORY
STATEMENTS

YOU HAVE HEARD TESTIMONY THAT AFTER THE CRIME WAS
SUPPOSED TO HAVE BEEN COMMITTED, THE DEFENDANT FLED.

IF YOU BELIEVE THAT THE DEFENDANT FLED, THEN YOU MAY
CONSIDER THIS CONDUCT, ALONG WITH ALL THE OTHER EVIDENCE, IN
DECIDING WHETHER THE GOVERNMENT HAS PROVED BEYOND A
REASONABLE DOUBT THAT HE COMMITTED THE CRIME CHARGED.  THIS
CONDUCT MAY INDICATE THAT HE THOUGHT HE WAS GUILTY AND WAS
TRYING TO AVOID PUNISHMENT.  ON THE OTHER HAND, SOMETIMES AN
INNOCENT PERSON MAY FLEE TO AVOID BEING ARRESTED, OR FOR SOME
OTHER INNOCENT REASON.

6TH CIR. PATTERN JURY INSTRUCTIONS, 1991 EDITION.

GOVERNMENT'S REQUESTED INSTRUCTION NO. 18


YOU ARE INSTRUCTED, AS A MATTER OF LAW, THAT THE LAND
WITHIN THE EXTERIOR BOUNDARIES OF THE NAVAJO RESERVATION IS INDIAN
COUNTRY.


18 U.S.C. § 1151; <u>ALASKA V. NATIVE VILLAGE OF VENETIE TRIBAL
GOVERNMENT</u>, 522 U.S. 520, 527-534 (1998).

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, )
)
          Plaintiff, )    CRIMINAL NO. 04-888 LH
)
)
vs. )
)
DAVID PETTIGREW, )
)
          Defendant. )

## <u>V E R D I C T</u>

We the Jury find the defendant, **DAVID PETTIGREW**, _____
                                       (guilty or not guilty)

of involuntary manslaughter as charged in Count 1 of the Superceding Indictment.


We the Jury find the defendant, **DAVID PETTIGREW**, _____ of
                                       (guilty or not guilty)

assault resulting in serious bodily injury as charged in Count 2 of the Superceding

Indictment.


We the Jury find the defendant, **DAVID PETTIGREW**, _____ of
                                       (guilty or not guilty)

assault resulting in serious bodily injury as charged in Count 3 of the Superceding

Indictment.

We the Jury find the defendant, **DAVID PETTIGREW**, _____ of
                                       (guilty or not guilty)

assault by striking, beating or wounding as charged in Count 4 of the Superceding

Indictment.

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )      CRIMINAL NO. 04-888 LH
                               )
                               )
     vs.                       )
                               )
DAVID PETTIGREW,               )
                               )
          Defendant.           )


## SPECIAL VERDICT FORM


We the Jury find the defendant, **DAVID PETTIGREW**, was "reckless" within the meaning of Application Note 1. USSG Section 2A1.4 as Charged in Count I of the Superceding Indictment. _____ .  If the answer is yes, then please skip the next
       **Yes/No**
question.


We the Jury find the defendant, **DAVID PETTIGREW**, was "criminally negligent" within the meaning of  Application Note 1. USSG Section 2A1.4 as Charged in Count 1 of the Superceding indictment. _____
                    **Yes/No**

We the Jury find the injury to Marle Beasley, referred to as Jane Doe A should be classified as  "serious bodily  injury" within the meaning of Commentary 1(L), USSG Section 1B1.1. as charged in  Count 2 of  the Superceding indictment _____
                                                    **Yes/No**

We the Jury find in the injury to Jason R. Beasley should be classified as "permanent or life-threatening bodily injury" within the meaning of Commentary 1(J), USSG Section 1B1.1. as charged in Count 3 of the Superceding Indictment. _____
                                                         **Yes/No**

We the Jury find that the 1989 GMC pickup is a dangerous weapon within the meaning of Commentary 1(D), USSG Section 1B1.1 as charged in Counts 2 and 3 of the  Superceding Indictment. _____

**Yes/No**


DATED this ___ day of _____, 2004.


_____

FOREPERSON