IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                            CR 04-888 LH   (ACE)

DAVID PETTIGREW,

      Defendant.

## **DEFENDANT'S REQUESTED JURY INSTRUCTIONS**

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the above named defendant, through his attorney at the Office of the Federal Public Defender, respectfully tenders to the Court his requested jury instructions and requests leave to file such other instructions as may become appropriate during the course of and at the conclusion of the trial.

Respectfully submitted,
FEDERAL PUBLIC DEFENDER
111 Lomas, NW, Suite 501
Albuquerque, NM 87102-2368
(505) 346-2489

I hereby certify that a true copy of the foregoing pleading was delivered to AUSA Samuel Winder on September 28, 2004.

 [Electronically filed]            
MICHAEL A. KEEFE, AFPD
Attorney for Defendant

  [Electronically filed]           

# JURY INSTRUCTION NO. A

The defendant is charged in count 1 with a violation of 18 U.S.C. section 1112.

This law makes it a crime to unlawfully kill a human being 1) while committing an unlawful act not amounting to a felony, or 2) while committing a lawful act in an unlawful manner, or without due caution and circumspection , which act might produce death.

To find the defendant guilty of this crime, you must be convinced that the government has proved beyond a reasonable doubt:

First: the defendant David Pettigrew caused the death of Carrie Beasley without malice aforethought.

Second: the victim was killed while the defendant was committing an unlawful act not amounting to a felony, that is driving while intoxicated, as charged in the indictment or while committing a lawful act in an unlawful manner, or without due caution and circumspection, which act might produce death.

Third: the killing took place within the exterior boundaries of the Navajo Indian Reservation.

Fourth: the defendant David Pettigrew is an Indian.

# JURY INSTRUCTION NO. B

In order to sustain its burden of proof for the crime of assault resulting in serious bodily injury as charged in count 2 of the indictment, the government must prove the following four (4) essential elements beyond a reasonable doubt.

One: David Pettigrew intentionally struck Jane Doe A (M. Beasley) with a motor vehicle.

Two: David Pettigrew intentionally struck and injured Jane Doe A (M. Beasley) within the exterior boundaries of the Navajo Indian Reservation.

Three: as a result of this assault, Jane Doe A. (M. Beasley) suffered serious bodily injury.

Four: David Pettigrew is an Indian.

# JURY INSTRUCTION NO. C

In order to sustain its burden of proof for the crime of assault resulting in serious bodily injury as charged in count 3 of the indictment, the government must prove the following four (4) essential elements beyond a reasonable doubt.

One: David Pettigrew intentionally struck Jason Beasley with a motor vehicle.

Two: David Pettigrew intentionally struck and injured Jason Beasley within the exterior boundaries of the Navajo Indian Reservation.

Three: as a result of this assault, Jason Beasley suffered serious bodily injury.

Four: David Pettigrew is an Indian.

JURY INSTRUCTION NO. D

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should think about the testimony of each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection - like failure of recollection - is not uncommon.

The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.

The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt.  I want you to clearly understand, please, that the Constitution of the United States grants to a defendant the right to remain silent.  That means the right not to testify or call any witnesses.  That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

# JURY INSTRUCTION NO. E

You have heard the testimony of Odell Yazzie, who was a witness in the government's case. You also heard testimony from others concerning their opinion about his character for truth-telling or his reputation, in the community where he lives, for telling the truth. It is up to you to decide from what you heard here whether Odell Yazzie was telling the truth in this trial. In deciding this, you should bear in mind the testimony concerning his reputation for truthfulness.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                          CR. 04-888 LH (ACE)

DAVID PETTIGREW,

    Defendant.

## **VERDICT**

    WE, THE JURY, find the defendant, **DAVID PETTIGREW** _____

of Involuntary Manslaughter as charged in count 1 of the Indictment.

_____
  (guilty or not guilty)

DATED this \_\_\_\_ day of _____, 2004.

                                                                            _____
                                                                                 FOREPERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                       CR. 04-888 LH (ACE)

DAVID PETTIGREW,

    Defendant.

## **VERDICT**

WE, THE JURY, find the defendant, **DAVID PETTIGREW** _____ of Assault resulting in serious bodily injury involving Jane Doe A (M. Beasley) as charged in count 2 of the Indictment.

_____
  (guilty or not guilty)

DATED this \_\_\_\_ day of _____, 2004.

                                                        _____
                                                             FOREPERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                       CR. 04-888 LH (ACE)

DAVID PETTIGREW,

    Defendant.

## **VERDICT**

WE, THE JURY, find the defendant, **DAVID PETTIGREW** _____ of Assault resulting in serious bodily injury involving Jason Beasley as charged in count 3 of the Indictment.

_____
  (guilty or not guilty)


DATED this ____ day of _____, 2004.


                                                    _____
                                                             FOREPERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                     CR. 04-888 LH (ACE)

DAVID PETTIGREW,

       Defendant.

## **VERDICT**

WE, THE JURY, find the defendant, **DAVID PETTIGREW** _____

of Assault as charged in count 4 of the Indictment.


_____
   (guilty or not guilty)


DATED this \_\_\_\_ day of _____, 2004.


                                                             _____
                                                                   FOREPERSON