IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                         Cr. No. 04-888 LH (ACE)

DAVID PETTIGREW,

    Defendant.

## DEFENDANT'S BRIEF ON ISSUE OF INTENT

The defendant, David Pettigrew, through his counsel, Michael A. Keefe, Assistant Federal Public Defender, files the following brief to address the issue of intent as it relates to the two counts of the Indictment charging violations of 18 U.S.C. § 113(a)(6) assault resulting in serious bodily injury.

## ASSAULT RESULTING IN SERIOUS BODILY INJURY IS A GENERAL INTENT CRIME

1.     Assault resulting in serious bodily injury under 18 U.S.C. § 113(a)(6) is a crime of general intent. *U.S. v. Benally*, 146 F.3d 1232, 1237 (10th Cir. 1998)(stating that "assault resulting in serious bodily injury... is a general intent crime... The resulting serious bodily injury coupled with a general intent to assault is sufficient to satisfy the elements of [18 U.S.C. § 113]"). The requisite of intent to satisfy conviction is the intent to assault the person of another. *See* Tenth Circuit Proposed Pattern Jury Instruction No. 2.09 (2004)(instructing upon 18 U.S.C. § 111, and stating that "the

term 'forcible assault' means any intentional attempt or threat to inflict injury upon someone else when coupled with an apparent present ability to do so..."); 8th Circuit Jury Model Jury Instruction 6.18.111(instructing upon 18 U.S.C. § 111, and stating that "an 'assault' is any intentional and voluntary attempt or threat to do injury to the person of another..."). Intent to assault is thus an essential element of the offense which must be proven to the jury beyond a reasonable doubt.

2. The essential element of intent cannot be established simply by showing that the defendant was driving while intoxicated at the time of the accident. When an accident results from the conduct of a person who drives while under the influence, the accident may only be characterized as an accidental, "unintended result." *U.S. v. Lucio-Lucio*, 347 F.3d 1202, 1206 (10th Cir. 2003)(holding that "a drunk driver is reckless of the risk that he will accidentally cause harm. Whatever the precise degree of intent necessary to separate violent conduct from conduct that leads to harmful consequences, it seems plain that DWI resulting in an accident - which, when it happens is a purely unintended result - falls into the latter category." *See e.g. U.S. v. Rogers*, 371 F.3d 2025 (10th Cir. 2004.) The court also stated in *U.S. v. Rogers* that "by contrast, a drunk driver typically does not mean to cause an accident at all, and can hardly be said to 'commit' the resulting violence in the same way that a burglar does." Although the drunk driver recklessly risks harming others, the risk is not that this will happen intentionally (as in burglary). Rather, it is that the impairment of the

driver's faculties will result in negligent driving, which in turn will result in an accident."

3. "The Due Process Clause protects the accused against convictions except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship* 90 S.Ct. 1068, 1973 (1970). As a matter of due process, the defendant is indisputably entitled "to a jury determination that he is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." *Apprendi v. New Jersey*, 120 S.Ct. 2348, 2356 (2000). The jury cannot make the factual determination that the defendant acted with intent where the alleged result of the defendant's act is recognized as purely unintentional as a matter of law.

4. The government will attempt to present evidence to prove that Mr. Pettigrew was driving with a BAC of .24 and that he was driving very slowly across a four lane highway before striking the side of the victim's van. There was no indication that either driver had applied their brakes prior to the collision. The government will be unable to present any evidence to support a finding that Mr. Pettigrew intended to assault anyone involved in the accident.

5. The government has cited two cases in support of the government's argument that intent is established by voluntary intoxication and the willful operation of a motor vehicle while in that state of voluntary intoxication. The two cases the government cites are *United States v. Loera*, 923 F.2d 725 (9th Cir. 1991) and *United States v.*

*Ashley*, 255 F.3d 907 (8th Cir. 2001). In the *Loera* case, the court held that the evidence was sufficient to convince any rational trier of fact that *Loera* acted willfully in consuming alcohol and then driving his truck on the highway in disregard for the safety of others in his path. There were additional facts that the court considered in that case including Mr. *Loera's* truck having faulty brakes and the fact that the Mr. Loera had several prior DWI convictions. *Id. at 727*. In addition, the *Ashley* case also contains additional facts not present in Mr. Pettigrew's case. The court in *Ashley* noted that Ashley not only chose to drive drunk but he also knew the van's brakes didn't work properly." The court determined "Ashley's voluntary act was driving under the influence of alcohol in a vehicle with bad brakes knowing that they were bad." *Id. at 909*. Thus, to satisfy the intent requirement for assault in *Loera* and *Ashley* more evidence of pre-intoxication conduct was required than simply driving while intoxicated.

6. These decisions in the Eighth and Ninth Circuit rely on different reasoning than the Tenth Circuit decisions in *Lucio-Lucio* and *Rogers*. The language in those more recent Tenth Circuit cases from 2003 and 2004 point to a greater requirement when it comes to the evidence that must be shown by the government to establish intent in cases involving drunk drivers.

7. The more typical case involving a charge of assault resulting in serious bodily injury involves someone being injured with a knife, shovel, crutch, gun or any of many other

objects that have been used as weapons. In those cases, although voluntary intoxication is almost always present as an issue and general intent is almost always established, there is the added fact that in those cases the defendant intentionally engaged in the the act with a weapon which resulted in some injury.

8. Assault resulting in serious bodily injury is a general intent crime. The intent that the government must prove, is the intent to commit the assault. Voluntary intoxication combined with driving is insufficient on its own to establish the requisite intent.

Respectfully submitted,

I hereby certify that a true copy of the foregoing pleading was placed in the in box of AUSA Samuel Winder at the Clerk's Office of the U.S. District Court this 4th day of October, 2004.

FEDERAL PUBLIC DEFENDER
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505)346-2489

   [electronically filed]   
MICHAEL A. KEEFE, AFPD
Attorney for Defendant

   [electronically filed]   

5