IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT - 7 2004

CLERK

UNITED STATES OF AMERICA,

Plaintiff,

vs.

No. CR 04-0888 LH

DAVID PETTIGREW,

Defendant.

**JURY INSTRUCTIONS**

55

INSTRUCTION NO. 1

MEMBERS OF THE JURY:

IN ANY JURY TRIAL THERE ARE, IN EFFECT, TWO JUDGES. I AM ONE OF THE JUDGES; THE OTHER IS THE JURY. IT IS MY DUTY TO PRESIDE OVER THE TRIAL AND TO DETERMINE WHAT EVIDENCE IS PROPER FOR YOUR CONSIDERATION. IT IS ALSO MY DUTY AT THE END OF THE TRIAL TO EXPLAIN TO YOU THE RULES OF LAW THAT YOU MUST FOLLOW AND APPLY IN ARRIVING AT YOUR VERDICT.

FIRST, I WILL GIVE YOU SOME GENERAL INSTRUCTIONS WHICH APPLY IN EVERY CASE, FOR EXAMPLE, INSTRUCTIONS ABOUT BURDEN OF PROOF. I WILL THEN GIVE YOU SOME SPECIFIC RULES OF LAW ABOUT THIS PARTICULAR CASE. NEXT, I WILL AGAIN RETURN TO SOME GENERAL INSTRUCTIONS, FOR EXAMPLE, HOW TO JUDGE THE BELIEVABILITY OF WITNESSES. THESE INSTRUCTIONS WILL BE GIVEN TO YOU FOR USE IN THE JURY ROOM, SO YOU NEED NOT TAKE NOTES.

AFTER THESE INSTRUCTIONS ON THE LAW GOVERNING THE CASE, THE ATTORNEYS MAY MAKE CLOSING ARGUMENTS. THIS ALLOWS THE ATTORNEYS AN OPPORTUNITY TO POINT OUT THOSE THINGS THAT ARE MOST SIGNIFICANT OR MOST HELPFUL TO THEIR SIDE OF THE CASE, AND IN DOING SO TO CALL YOUR ATTENTION TO CERTAIN FACTS OR INFERENCES THAT MIGHT OTHERWISE ESCAPE YOUR NOTICE.  REMEMBER THESE STATEMENTS ARE NOT EVIDENCE AND WHAT THE LAWYERS SAY IS NOT BINDING UPON YOU.  IT IS YOUR OWN RECOLLECTION AND INTERPRETATION OF THE EVIDENCE THAT CONTROLS IN THIS CASE.

AFTER CLOSING ARGUMENTS, I WILL EXPLAIN TO YOU THE PROCEDURES

YOU SHOULD FOLLOW IN YOUR DELIBERATIONS.

INSTRUCTION NO. 2

YOU, AS JURORS, ARE THE JUDGES OF THE FACTS.  BUT IN DETERMINING WHAT ACTUALLY HAPPENED -- THAT IS, IN REACHING YOUR DECISION AS TO THE FACTS -- IT IS YOUR SWORN DUTY TO FOLLOW ALL OF THE RULES OF LAW AS I EXPLAIN THEM TO YOU.

YOU HAVE NO RIGHT TO DISREGARD OR GIVE SPECIAL ATTENTION TO ANY ONE INSTRUCTION, OR TO QUESTION THE WISDOM OR CORRECTNESS OF ANY RULE I MAY STATE TO YOU.  YOU MUST NOT SUBSTITUTE OR FOLLOW YOUR OWN NOTION OR OPINION AS TO WHAT THE LAW IS OR OUGHT TO BE.  IT IS YOUR DUTY TO APPLY THE LAW AS I EXPLAIN IT TO YOU, REGARDLESS OF THE CONSEQUENCES.

IT IS ALSO YOUR DUTY TO BASE YOUR VERDICT SOLELY UPON THE EVIDENCE, WITHOUT PREJUDICE OR SYMPATHY.  THAT WAS THE PROMISE YOU MADE AND THE OATH YOU TOOK BEFORE BEING ACCEPTED BY THE PARTIES AS JURORS, AND THEY HAVE THE RIGHT TO EXPECT NOTHING LESS.

INSTRUCTION NO. 3

THE INDICTMENT OR FORMAL CHARGE AGAINST THE DEFENDANT IS NOT EVIDENCE OF GUILT. INDEED, THE DEFENDANT IS PRESUMED BY THE LAW TO BE INNOCENT. THE LAW DOES NOT REQUIRE THE DEFENDANT TO PROVE HIS INNOCENCE OR PRODUCE ANY EVIDENCE AT ALL AND NO INFERENCE WHATEVER MAY BE DRAWN FROM THE ELECTION OF THE DEFENDANT NOT TO TESTIFY. THE GOVERNMENT HAS THE BURDEN OF PROVING THE DEFENDANT GUILTY BEYOND A REASONABLE DOUBT, AND IF IT FAILS TO DO SO, YOU MUST ACQUIT THE DEFENDANT.

WHILE THE GOVERNMENT'S BURDEN OF PROOF IS A STRICT OR HEAVY BURDEN, IT IS NOT NECESSARY THAT THE DEFENDANT'S GUILT BE PROVED BEYOND ALL POSSIBLE DOUBT. IT IS ONLY REQUIRED THAT THE GOVERNMENT'S PROOF EXCLUDE ANY "REASONABLE DOUBT" CONCERNING THE DEFENDANT'S GUILT.

A "REASONABLE DOUBT" IS A DOUBT BASED UPON REASON AND COMMON SENSE AFTER CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE IN THE CASE. PROOF BEYOND A REASONABLE DOUBT, THEREFORE, IS PROOF OF SUCH A CONVINCING CHARACTER THAT YOU WOULD BE WILLING TO RELY AND ACT UPON IT WITHOUT HESITATION IN THE MOST IMPORTANT OF YOUR OWN AFFAIRS. IF YOU ARE CONVINCED THAT THE ACCUSED HAS BEEN PROVED GUILTY BEYOND A REASONABLE DOUBT, SAY SO. IF YOU ARE NOT CONVINCED, SAY SO.

INSTRUCTION NO. 4

BEFORE I READ THE INDICTMENT, I MUST CAUTION YOU THAT YOU ARE HERE ONLY TO DECIDE WHETHER THE GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS GUILTY OF THE CRIME CHARGED IN THE INDICTMENT. THE DEFENDANT IS NOT ON TRIAL FOR ANY OTHER ACT, CONDUCT OR OFFENSE. NEITHER ARE YOU CONCERNED WITH THE GUILT OF ANY OTHER PERSON OR PERSONS NOT ON TRIAL AS A DEFENDANT IN THIS CASE.

ALSO, IN DETERMINING WHETHER THE GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS GUILTY OF THE CRIME CHARGED IN THE INDICTMENT, YOU SHOULD NOT BE CONCERNED WITH PUNISHMENT IN ANY WAY. SHOULD YOU FIND THE DEFENDANT GUILTY, IT WILL BE MY DUTY TO DECIDE WHAT THE PUNISHMENT WILL BE, AND PUNISHMENT SHOULD NOT ENTER YOUR CONSIDERATION OR DISCUSSION.

INSTRUCTION NO. 5

THE DEFENDANT IS ON TRIAL BEFORE YOU UPON AN INDICTMENT BROUGHT BY THE GRAND JURY CHARGING AS FOLLOWS:

## COUNT 1

ON OR ABOUT THE 18TH DAY OF APRIL, 2004, WITHIN THE EXTERIOR BOUNDARIES OF THE NAVAJO INDIAN RESERVATION, IN INDIAN COUNTRY, IN THE STATE AND DISTRICT OF NEW MEXICO, THE DEFENDANT, DAVID PETTIGREW, AN INDIAN, DID UNLAWFULLY KILL CARRIE BEASLEY WHILE IN THE COMMISSION OF AN UNLAWFUL ACT NOT AMOUNTING TO A FELONY, THAT IS WHILE OPERATING A MOTOR VEHICLE UNDER THE INFLUENCE OF ALCOHOL, CONTRARY TO SECTION 66-8-102 OF THE NEW MEXICO STATUTES ANNOTATED, AND THE DEFENDANT OPERATED THE MOTOR VEHICLE WITHOUT DUE CAUTION AND CIRCUMSPECTION, IN A GROSSLY NEGLIGENT MANNER, AND WITH KNOWLEDGE OF CIRCUMSTANCES THAT MADE IT REASONABLY FORESEEABLE THAT HE MIGHT IMPERIL THE LIVES OF OTHERS.

IN VIOLATION OF 18 U.S.C. § 1153 AND 18 U.S.C. § 1112.

## COUNT 2

ON OR ABOUT THE 18TH DAY OF APRIL, 2004, WITHIN THE EXTERIOR BOUNDARIES OF THE NAVAJO INDIAN RESERVATION, IN INDIAN COUNTRY, IN THE STATE AND DISTRICT OF NEW MEXICO, THE DEFENDANT, DAVID PETTIGREW, AN

INDIAN, DID ASSAULT JANE DOE A, SUCH ASSAULT RESULTING IN SERIOUS BODILY INJURY.

IN VIOLATION OF 18 U.S.C. § 1153 AND 18 U.S.C. § 113(A)(6).


## COUNT 3

ON OR ABOUT THE 18TH DAY OF APRIL, 2004, WITHIN THE EXTERIOR BOUNDARIES OF THE NAVAJO INDIAN RESERVATION, IN INDIAN COUNTRY, IN THE STATE AND DISTRICT OF NEW MEXICO, THE DEFENDANT, DAVID PETTIGREW, AN INDIAN, DID ASSAULT JASON R. BEASLEY, SUCH ASSAULT RESULTING IN SERIOUS BODILY INJURY.

IN VIOLATION OF 18 U.S.C. § 1153 AND 18 U.S.C. § 113(A)(6).


## COUNT 4

ON OR ABOUT THE 18 TH DAY OF APRIL, 2004, WITHIN THE EXTERIOR BOUNDARIES OF THE NAVAJO INDIAN RESERVATION, IN INDIAN COUNTRY, IN THE STATE AND DISTRICT OF NEW MEXICO, THE DEFENDANT, DAVID PETTIGREW, AN INDIAN, DID ASSAULT JANE DOE B, BY WOUNDING JANE DOE B.

IN VIOLATION OF 18 U.S.C. § 1153 AND 18 U.S.C. § 113(A)(4).

INSTRUCTION NO. 6

YOU WILL NOTE THAT THE INDICTMENT CHARGES THAT THE OFFENSE WAS COMMITTED "ON OR ABOUT" A SPECIFIED DATE.  THE GOVERNMENT DOES NOT HAVE TO PROVE THAT THE CRIME WAS COMMITTED ON THAT EXACT DATE, SO LONG AS THE GOVERNMENT PROVES BEYOND A REASONABLE DOUBT THAT THE CRIME WAS COMMITTED ON A DATE REASONABLY NEAR THE DATE STATED IN THE INDICTMENT.

INSTRUCTION NO. 7

A SEPARATE CRIME IS CHARGED AGAINST THE DEFENDANT IN EACH COUNT OF THE INDICTMENT.   EACH COUNT, AND THE EVIDENCE PERTAINING TO IT, SHOULD BE CONSIDERED SEPARATELY AND INDIVIDUALLY.  THE FACT THAT YOU MAY FIND THE ACCUSED GUILTY OR NOT GUILTY OF ANY OF THE CRIMES CHARGED SHOULD NOT CONTROL YOUR VERDICT AS TO ANY OTHER CRIME.  YOU MUST GIVE SEPARATE CONSIDERATION TO THE EVIDENCE AS TO EACH CRIME CHARGED.

INSTRUCTION NO. 8

SECTION 1112 OF TITLE 18 OF THE UNITED STATES CODE, MAKES IT A CRIME FOR ANYONE TO KILL A HUMAN BEING WHILE IN THE COMMISSION OF AN UNLAWFUL ACT NOT AMOUNTING TO A FELONY AND ACTING WITHOUT DUE CAUTION AND CIRCUMSPECTION, WHICH ACT MIGHT PRODUCE DEATH.

FOR YOU TO FIND DEFENDANT DAVID PETTIGREW GUILTY OF THIS CRIME, YOU MUST BE CONVINCED THAT THE GOVERNMENT HAS PROVED EACH OF THE FOLLOWING BEYOND A REASONABLE DOUBT:

**FIRST:** THAT THE DEFENDANT, DAVID PETTIGREW, CAUSED THE DEATH OF CARRIE BEASLEY;

**SECOND:** THAT THE DEFENDANT, DAVID PETTIGREW, CAUSED THE DEATH OF CARRIE BEASLEY DURING THE COMMISSION OF AN UNLAWFUL ACT NOT AMOUNTING TO A FELONY, THAT IS WHILE OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL, AND THE DEFENDANT ACTED WITHOUT DUE CAUTION AND CIRCUMSPECTION, WHICH MIGHT PRODUCE DEATH;

**THIRD:** THAT CARRIE BEASLEY'S DEATH TOOK PLACE WITHIN THE EXTERIOR BOUNDARIES OF THE NAVAJO RESERVATION; AND

**FOURTH:** THAT THE DEFENDANT, DAVID PETTIGREW, IS AN INDIAN.

INSTRUCTION 8A

TO CONSTITUTE ACTING WITHOUT DUE CAUTION AND CIRCUMSPECTION, THE DEFENDANT'S ACTS MUST AMOUNT TO GROSS NEGLIGENCE, DEFINED AS WANTON OR RECKLESS DISREGARD FOR HUMAN LIFE.

INSTRUCTION NO. 9

SECTION 113 OF TITLE 18 OF THE UNITED STATES CODE MAKES IT A CRIME FOR ANYONE TO ASSAULT ANOTHER HUMAN BEING RESULTING IN SERIOUS BODILY INJURY.

FOR YOU TO FIND DEFENDANT DAVID PETTIGREW GUILTY OF THIS CRIME, YOU MUST BE CONVINCED THAT THE GOVERNMENT HAS PROVED EACH OF THE FOLLOWING BEYOND A REASONABLE DOUBT:

**FIRST:** THAT THE DEFENDANT, DAVID PETTIGREW, INTENTIONALLY STRUCK MARLE BEASLEY, REFERRED TO AS JANE DOE A IN THE INDICTMENT, WITH A MOTOR VEHICLE;

**SECOND:** THAT MARLE BEASLEY SUFFERED SERIOUS BODILY INJURY AS A RESULT;

**THIRD:** THAT THE ASSAULT TOOK PLACE WITHIN THE EXTERIOR BOUNDARIES OF THE NAVAJO RESERVATION; AND

**FOURTH:** THAT THE DEFENDANT, DAVID PETTIGREW, IS AN INDIAN.

INSTRUCTION NO. 10

SECTION 113 OF TITLE 18 OF THE UNITED STATES CODE MAKES IT A CRIME FOR ANYONE TO ASSAULT ANOTHER HUMAN BEING RESULTING IN SERIOUS BODILY INJURY.

FOR YOU TO FIND DEFENDANT DAVID PETTIGREW GUILTY OF THIS CRIME, YOU MUST BE CONVINCED THAT THE GOVERNMENT HAS PROVED EACH OF THE FOLLOWING BEYOND A REASONABLE DOUBT:

**FIRST:** THAT THE DEFENDANT, DAVID PETTIGREW, INTENTIONALLY STRUCK JASON BEASLEY WITH A MOTOR VEHICLE;

**SECOND:** THAT JASON BEASLEY SUFFERED SERIOUS BODILY INJURY AS A RESULT;

**THIRD:** THAT THE ASSAULT TOOK PLACE WITHIN THE EXTERIOR BOUNDARIES OF THE NAVAJO RESERVATION; AND

**FOURTH:** THAT THE DEFENDANT, DAVID PETTIGREW, IS AN INDIAN.

INSTRUCTION NO. 11

SECTIONS 113 AND 1365 OF TITLE 18 OF THE UNITED STATES CODE DEFINES THE TERM "SERIOUS BODILY INJURY" AS A BODILY INJURY WHICH INVOLVES

A.      A SUBSTANTIAL RISK OF DEATH;

B.      EXTREME PHYSICAL PAIN;

C.      PROTRACTED AND OBVIOUS DISFIGUREMENT; OR

D.      PROTRACTED LOSS OR IMPAIRMENT OF THE FUNCTION OF A BODILY MEMBER, ORGAN, OR MENTAL FACULTY.

INSTRUCTION NO. 12

IN ADDITION TO THE OTHER ELEMENTS OF ASSAULT RESULTING IN SERIOUS BODILY INJURY CHARGED IN COUNTS 2 AND 3 OF THE INDICTMENT, THE GOVERNMENT MUST PROVE TO YOUR SATISFACTION BEYOND A REASONABLE DOUBT THAT THE DEFENDANT ACTED INTENTIONALLY WHEN COMMITTING THE CRIMES. A PERSON ACTS INTENTIONALLY WHEN PURPOSELY DOING AN ACT WHICH THE LAW DECLARES TO BE A CRIME, EVEN THOUGH THAT PERSON MAY NOT KNOW THAT THE ACT IS UNLAWFUL. WHETHER THE DEFENDANT ACTED INTENTIONALLY MAY BE INFERRED FROM ALL OF THE SURROUNDING CIRCUMSTANCES, SUCH AS THE MANNER IN WHICH THE DEFENDANT ACTS, THE MEANS USED, THE CONDUCT, AND ANY STATEMENTS MADE BY THE DEFENDANT.

INSTRUCTION NO. 13

THE INTENT OF A PERSON OR THE KNOWLEDGE THAT A PERSON POSSESSES AT ANY GIVEN TIME MAY NOT ORDINARILY BE PROVED DIRECTLY BECAUSE THERE IS NO WAY OF DIRECTLY SCRUTINIZING THE WORKINGS OF THE HUMAN MIND. IN DETERMINING THE ISSUE OF WHAT A PERSON KNEW OR WHAT A PERSON INTENDED AT A PARTICULAR TIME, YOU MAY CONSIDER ANY STATEMENTS MADE OR ACTS DONE OR OMITTED BY THAT PERSON AND ALL OTHER FACTS AND CIRCUMSTANCES RECEIVED IN EVIDENCE WHICH MAY AID IN YOUR DETERMINATION OF THAT PERSON'S KNOWLEDGE OR INTENT.

YOU MAY INFER, BUT YOU ARE CERTAINLY NOT REQUIRED TO INFER, THAT A PERSON INTENDS THE NATURAL AND PROBABLE CONSEQUENCES OF ACTS KNOWINGLY DONE OR KNOWINGLY OMITTED. IT IS ENTIRELY UP TO YOU, HOWEVER, TO DECIDE WHAT FACTS TO FIND FROM THE EVIDENCE RECEIVED DURING THIS TRIAL.

INSTRUCTION NO. 14

THE WORD "KNOWINGLY" AS THAT TERM HAS BEEN USED FROM TIME TO
TIME IN THESE INSTRUCTIONS, MEANS THAT THE ACT WAS DONE VOLUNTARILY
AND INTENTIONALLY, NOT BECAUSE OF MISTAKE OR ACCIDENT.

INSTRUCTION NO. 15

SECTION 113 OF TITLE 18 OF THE UNITED STATES CODE MAKES IT A CRIME FOR ANYONE TO ASSAULT ANOTHER HUMAN BEING BY STRIKING, BEATING, OR WOUNDING THAT HUMAN BEING.

FOR YOU TO FIND DEFENDANT DAVID PETTIGREW GUILTY OF THIS CRIME, YOU MUST BE CONVINCED THAT THE GOVERNMENT HAS PROVED EACH OF THE FOLLOWING BEYOND A REASONABLE DOUBT:

**FIRST:** THAT THE DEFENDANT, DAVID PETTIGREW, INTENTIONALLY WOUNDED HALLEY BEASLEY, REFERRED TO AS JANE DOE B IN THE INDICTMENT;

**SECOND:** THAT THE OFFENSE TOOK PLACE WITHIN THE EXTERIOR BOUNDARIES OF THE NAVAJO RESERVATION; AND

**THIRD:** THAT THE DEFENDANT, DAVID PETTIGREW, IS AN INDIAN.

INSTRUCTION NO. 15 A

EVIDENCE HAS BEEN PRESENTED ABOUT A STATEMENT ATTRIBUTED TO THE DEFENDANT ALLEGED TO HAVE BEEN MADE AFTER THE COMMISSION OF THE CRIME (OR CRIMES) CHARGED IN THIS CASE BUT NOT MADE IN COURT. SUCH EVIDENCE SHOULD ALWAYS BE CONSIDERED BY YOU WITH CAUTION AND WEIGHED WITH CARE. ANY SUCH STATEMENTS SHOULD BE DISREGARDED ENTIRELY UNLESS THE OTHER EVIDENCE IN THE CASE CONVINCES YOU BEYOND A REASONABLE DOUBT THAT THE STATEMENT WAS MADE KNOWINGLY AND VOLUNTARILY.

IN DETERMINING WHETHER ANY SUCH STATEMENT WAS KNOWINGLY AND VOLUNTARILY MADE, CONSIDER, FOR EXAMPLE, THE AGE, GENDER, TRAINING, EDUCATION, OCCUPATION, AND PHYSICAL AND MENTAL CONDITION OF THE DEFENDANT, AND ANY EVIDENCE CONCERNING HIS TREATMENT WHILE UNDER INTERROGATION IF THE STATEMENT WAS MADE IN RESPONSE TO QUESTIONING BY GOVERNMENT OFFICIALS, AND ALL THE OTHER CIRCUMSTANCES IN EVIDENCE SURROUNDING THE MAKING OF THE STATEMENT.

IF, AFTER CONSIDERING ALL THIS EVIDENCE, YOU CONCLUDE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT'S STATEMENT WAS MADE KNOWINGLY AND VOLUNTARILY, YOU MAY GIVE SUCH WEIGHT TO THE STATEMENT AS YOU FEEL IT DESERVES UNDER ALL THE CIRCUMSTANCES.

INSTRUCTION NO. 16

DURING THE TRIAL YOU HEARD THE TESTIMONY OF DR. DAVID MCCRAY, WHO HAS EXPRESSED OPINIONS CONCERNING JASON R. BEASLEY'S MEDICAL CONDITION ON OR ABOUT APRIL 18, 2004; DR. DAVID MCCRAY AND DR. THOMAS HOWDIESHELL, WHO HAVE EXPRESSED OPINIONS CONCERNING MARLE BEASLEY'S MEDICAL CONDITION ON OR ABOUT APRIL 18, 2004; AND DR. JEFFERY NINE, WHO HAS EXPRESSED AN OPINION CONCERNING THE DEATH OF CARRIE BEASLEY. IF SCIENTIFIC, TECHNICAL OR OTHER SPECIALIZED KNOWLEDGE MIGHT ASSIST THE JURY IN UNDERSTANDING THE EVIDENCE OR IN DETERMINING A FACT IN ISSUE, A WITNESS QUALIFIED BY KNOWLEDGE, SKILL EXPERIENCE, TRAINING, OR EDUCATION MAY TESTIFY AND STATE AN OPINION CONCERNING SUCH MATTERS.

MERELY BECAUSE SUCH A WITNESS HAS EXPRESSED AN OPINION DOES NOT MEAN, HOWEVER, THAT YOU MUST ACCEPT THIS OPINION. YOU SHOULD JUDGE SUCH TESTIMONY LIKE ANY OTHER TESTIMONY. YOU MAY ACCEPT IT OR REJECT IT, AND GIVE IT AS MUCH WEIGHT AS YOU THINK IT DESERVES, CONSIDERING THE WITNESS'S EDUCATION AND EXPERIENCE, THE SOUNDNESS OF THE REASONS GIVEN FOR THE OPINION, AND ALL OTHER EVIDENCE IN THE CASE.

INSTRUCTION NO. 17

YOU HAVE HEARD TESTIMONY THAT AFTER THE CRIME WAS ALLEGEDLY COMMITTED, THE DEFENDANT FLED. IF YOU BELIEVE THAT THE DEFENDANT FLED, THEN YOU MAY CONSIDER THIS CONDUCT, ALONG WITH ALL THE OTHER EVIDENCE, IN DECIDING WHETHER THE GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT THAT HE COMMITTED THE CRIME CHARGED. THIS CONDUCT MAY INDICATE THAT THE DEFENDANT THOUGHT HE WAS GUILTY AND WAS TRYING TO AVOID PUNISHMENT. ON THE OTHER HAND, SOMETIMES AN INNOCENT PERSON MAY FLEE TO AVOID BEING ARRESTED, OR FOR SOME OTHER INNOCENT REASON.

INSTRUCTION NO. 18

YOU ARE INSTRUCTED, AS A MATTER OF LAW, THAT THE LAND WITHIN THE EXTERIOR BOUNDARIES OF THE NAVAJO RESERVATION IS INDIAN COUNTRY.

INSTRUCTION NO. 19

THE TESTIMONY OF A WITNESS MAY BE DISCREDITED BY SHOWING THAT THE WITNESS TESTIFIED FALSELY CONCERNING A MATERIAL MATTER, OR BY EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO SAY OR DO SOMETHING, WHICH IS INCONSISTENT WITH THE TESTIMONY THE WITNESS GAVE AT THIS TRIAL.

EARLIER STATEMENTS OF A WITNESS WERE NOT ADMITTED IN EVIDENCE TO PROVE THAT THE CONTENTS OF THOSE STATEMENTS ARE TRUE. YOU MAY CONSIDER THE EARLIER STATEMENTS ONLY TO DETERMINE WHETHER YOU THINK THEY ARE CONSISTENT OR INCONSISTENT WITH THE TRIAL TESTIMONY OF THE WITNESS AND THEREFORE WHETHER THEY AFFECT THE CREDIBILITY OF THAT WITNESS.

IF YOU BELIEVE THAT A WITNESS HAS BEEN DISCREDITED IN THIS MANNER, IT IS YOUR EXCLUSIVE RIGHT TO GIVE THE TESTIMONY OF THAT WITNESS WHATEVER WEIGHT YOU THINK IT DESERVES.

INSTRUCTION NO. 20


AS I TOLD YOU EARLIER, IT IS YOUR DUTY TO DETERMINE THE FACTS. IN DOING SO, YOU MUST CONSIDER ONLY THE EVIDENCE PRESENTED DURING THE TRIAL, INCLUDING THE SWORN TESTIMONY OF THE WITNESSES AND THE EXHIBITS. REMEMBER THAT ANY STATEMENTS, OBJECTIONS OR ARGUMENTS MADE BY THE LAWYERS ARE NOT EVIDENCE AND ARE NOT BINDING UPON YOU. IN THE FINAL ANALYSIS IT IS YOUR OWN RECOLLECTION AND INTERPRETATION OF THE EVIDENCE THAT CONTROLS IN THE CASE.

ALSO, DO NOT ASSUME FROM ANYTHING I MAY HAVE DONE OR SAID DURING THE TRIAL THAT I HAVE ANY OPINION CONCERNING ANY OF THE ISSUES IN THIS CASE. EXCEPT FOR THE INSTRUCTIONS TO YOU ON THE LAW, YOU SHOULD DISREGARD ANYTHING I MAY HAVE SAID DURING THE TRIAL IN ARRIVING AT YOUR OWN FINDINGS AS TO THE FACTS.

INSTRUCTION NO. 21

WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE.  IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS WHICH HAVE BEEN ESTABLISHED BY THE EVIDENCE.

YOU SHOULD NOT BE CONCERNED ABOUT WHETHER THE EVIDENCE IS DIRECT OR CIRCUMSTANTIAL.  "DIRECT EVIDENCE" IS THE TESTIMONY OF ONE WHO ASSERTS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYE WITNESS. "CIRCUMSTANTIAL EVIDENCE" IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES INDICATING THAT THE DEFENDANT IS EITHER GUILTY OR NOT GUILTY. THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT YOU MAY GIVE TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.

INSTRUCTION NO. 22

I REMIND YOU THAT IT IS YOUR JOB TO DECIDE WHETHER THE GOVERNMENT HAS PROVED THE GUILT OF THE DEFENDANT BEYOND A REASONABLE DOUBT. IN DOING SO, YOU MUST CONSIDER ALL OF THE EVIDENCE. THIS DOES NOT MEAN, HOWEVER, THAT YOU MUST ACCEPT ALL OF THE EVIDENCE AS TRUE OR ACCURATE.

YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OR "BELIEVABILITY" OF EACH WITNESS AND THE WEIGHT TO BE GIVEN TO THE WITNESS'S TESTIMONY. AN IMPORTANT PART OF YOUR JOB WILL BE MAKING JUDGMENTS ABOUT THE TESTIMONY OF THE WITNESSES WHO TESTIFIED IN THIS CASE. YOU SHOULD DECIDE WHETHER YOU BELIEVE WHAT EACH PERSON HAD TO SAY, AND HOW IMPORTANT THAT TESTIMONY WAS. IN MAKING THAT DECISION I SUGGEST THAT YOU ASK YOURSELF A FEW QUESTIONS: DID THE PERSON IMPRESS YOU AS HONEST? DID THE WITNESS HAVE ANY PARTICULAR REASON NOT TO TELL THE TRUTH? DID THE WITNESS HAVE A PERSONAL INTEREST IN THE OUTCOME OF THE CASE? DID THE WITNESS HAVE ANY RELATIONSHIP WITH EITHER THE GOVERNMENT OR THE DEFENSE? DID THE WITNESS SEEM TO HAVE A GOOD MEMORY? DID THE WITNESS HAVE THE OPPORTUNITY AND ABILITY TO UNDERSTAND THE QUESTIONS CLEARLY AND ANSWER THEM DIRECTLY? DID THE WITNESS'S TESTIMONY DIFFER FROM THE TESTIMONY OF OTHER WITNESSES? THESE ARE A FEW OF THE CONSIDERATIONS THAT WILL HELP YOU DETERMINE THE ACCURACY OF WHAT EACH WITNESS SAID.

IN MAKING UP YOUR MIND AND REACHING A VERDICT, DO NOT MAKE ANY DECISIONS SIMPLY BECAUSE THERE WERE MORE WITNESSES ON ONE SIDE THAN ON THE OTHER. DO NOT REACH A CONCLUSION ON A PARTICULAR POINT JUST BECAUSE THERE WERE MORE WITNESSES TESTIFYING FOR ONE SIDE ON THAT POINT. YOUR JOB IS TO THINK ABOUT THE TESTIMONY OF EACH WITNESS YOU HAVE HEARD AND DECIDE HOW MUCH YOU BELIEVE OF WHAT EACH WITNESS HAD TO SAY.

INSTRUCTION NO. 23

NOW THAT YOU HAVE HEARD THE ATTORNEYS' CLOSING ARGUMENTS, I WILL GIVE YOU SOME FINAL INSTRUCTIONS.

TO REACH A VERDICT, ALL OF YOU MUST AGREE. YOUR VERDICT MUST BE UNANIMOUS. YOUR DELIBERATIONS WILL BE SECRET AND YOU WILL NEVER HAVE TO EXPLAIN YOUR VERDICT TO ANYONE.

UPON RETIRING TO THE JURY ROOM, YOU SHOULD FIRST SELECT ONE OF YOUR NUMBER TO ACT AS YOUR FOREPERSON WHO WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT. IN THIS CASE, A FORM OF VERDICT HAS BEEN PREPARED FOR YOUR CONVENIENCE.

[READ THE VERDICT FORM]

YOU WILL TAKE THE COURT'S INSTRUCTIONS AND THE VERDICT FORM TO THE JURY ROOM AND WHEN ALL OF YOU HAVE REACHED AGREEMENT ON THE VERDICT, YOUR FOREPERSON WILL WRITE THE UNANIMOUS ANSWER OF THE JURY IN THE SPACE PROVIDED IN THE VERDICT FORM. AT THE CONCLUSION OF YOUR DELIBERATIONS, THE FOREPERSON MUST SIGN AND DATE THE VERDICT FORM AND NOTIFY THE COURT THAT YOU HAVE REACHED YOUR VERDICT.

IF, DURING YOUR DELIBERATIONS, YOU SHOULD DESIRE TO COMMUNICATE WITH THE COURT, THE FOREPERSON SHOULD WRITE THE MESSAGE ON THE STATIONERY PROVIDED TO YOU IN THE JURY ROOM AND PASS THE NOTE TO THE

MARSHAL, WHO WILL BRING IT TO MY ATTENTION. I WILL RESPOND AS PROMPTLY AS POSSIBLE, EITHER IN WRITING OR BY HAVING YOU RETURNED TO THE COURTROOM SO THAT I CAN ADDRESS YOU ORALLY. I CAUTION YOU, HOWEVER, WITH REGARD TO ANY MESSAGE OR QUESTION YOU MIGHT SEND, THAT YOU SHOULD NEVER REVEAL HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, AT THE TIME.

FAITHFUL PERFORMANCE BY YOU OF YOUR DUTIES IS VITAL TO THE ADMINISTRATION OF JUSTICE.