# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

    vs.                                 No. CR 04-0888 LH

DAVID PETTIGREW,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's motion for a new trial (Docket No. 58).  The Court, having considered the pleadings submitted by the parties, the applicable law, and otherwise being fully advised, finds that the Defendant's motion is **not well taken** and should be **denied**.

## I.  Background

The Defendant was involved in a motor vehicle collision on the Navajo Indian Reservation. Driving while intoxicated, the Defendant collided with a van.  One of the van's passengers was killed, while the driver and two passengers were injured.  The Defendant was tried by a jury and convicted of one count of involuntary manslaughter, two counts of assault resulting in serious bodily injury, and one count of assault by striking, beating, or wounding.

The Defendant timely moved for a new trial, asserting three grounds in support thereof.  First,

the Defendant argues that this Court denying his motion to suppress statements (Docket No. 25) without first holding a hearing violated his right to due process.  Second, the Defendant argues that, because there was no evidence presented that the Defendant intended to assault his victims, this Court's denial of his motion for judgment of acquittal on the assault charges violated his right to due process.  Finally, the Defendant argues that the United States should not have been permitted to display a photograph of the victims, and that displaying the photograph to the jury violated the Defendant's right to due process.  These arguments are without merit, and the Defendant's motion will be denied.

## II.  Standard of Review

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  FED. R. CRIM. P. 33(a).  "Although a trial court is afforded discretion in ruling on such a motion, and is free to weigh the evidence and assess witness credibility, a motion for new trial is regarded with disfavor and should only be granted with great caution."  *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999) (internal citation omitted).

## III.  Motion to Suppress

On August 27, the Defendant made a pre-trial motion to suppress statements he made to law enforcement officers on the night of the collision.  After originally setting the motion for a hearing, this Court vacated the hearing and granted the motion in part and denied it in part on the briefs.  The Defendant now argues that deciding the motion without argument violated his right to due process, entitling him to a new trial.

The Defendant has cited no authority for his argument, probably because there is none.  The decision to grant a evidentiary hearing on a motion to suppress evidence is within the trial court's discretion. *United States v. Chavez-Marquez*, 66 F.3d 259, 261 (10th Cir. 1995).  "A defendant who requests a hearing bears the burden of showing that there are disputed issues of material fact.  To warrant an evidentiary hearing, the motion to suppress must raise factual allegations that are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue.  Similarly, a hearing is not required when suppression [is] improper for a reason of law appearing on the face of the motion."  *Id.* (internal quotation marks and citations omitted).

The Defendant's motion to suppress (Docket No. 25) showed no disputed issue of material fact.  Even accepting the facts as the Defendant presented them in his motion, the Defendant's statement to Officer Williams was not subject to suppression.  No hearing was necessary to decide the motion, and the Court's refusal to hold one was not error.


### IV.  Motion for Judgment of Acquittal

A pretrial conference was held on October 1, 2004, at which the Court heard argument on the issue of requisite level of intent required for the assault charges and the manner in which that intent would be proved.  The Court also requested supplemental briefing on the issue, which both parties provided.  The Defendant then moved for judgment of acquittal on those counts, because there was no evidence that the Defendant intended to assault the victims.

The Defendant is correct that the general intent to assault his victims is an element of assault resulting in serious bodily injury.  As in nearly all such cases, the Defendant's intent could not be

proved by direct evidence in this case.  However, circumstantial evidence of his intent was offered to and accepted by the jury.  The Defendant was not entitled to a judgment of acquittal on the assault charges.  The jury was properly instructed on the intent element, and found that the element was met. The Court will not now disturb that verdict.

## V.  Photograph

The United States displayed a photograph of the victims during its opening and closing statements, as well as during its examination of Jason Beasley, one of the victims.  Although the United States sought to display several additional photographs, the Court limited the government to a single picture of the entire family, which the Court found to have probative value.  It was not graphic, inflammatory, or otherwise unfairly prejudicial.  The display of the photograph was a matter committed to the discretion of the Court, and there was no error is allowing the photograph to be displayed.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion for a new trial is **denied**.
**IT IS SO ORDERED.**


_____
**SENIOR UNITED STATES DISTRICT JUDGE**